**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4406

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PATRICK ELLIOTT SCARBROUGH,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  C. Weston Houck, Senior District
Judge.  (CR-02-807)

Submitted:  February 24, 2006        Decided:  March 27, 2006

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Reynolds Williams, WILLCOX, BUYCK & WILLIAMS, P.A., Florence, South
Carolina, for Appellant.  Jonathan S. Gasser, United States
Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney,
Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Patrick Elliott Scarbrough pled guilty to conspiracy to distribute and to possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). He received a 144-month sentence. On appeal, his attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising the issue of whether the court erred in assessing two rather than one criminal history point at sentencing based on a certain juvenile offense and whether counsel was ineffective in this regard. Although advised of his right to do so, Scarbrough has not filed a supplemental pro se brief.

On appeal, Scarbrough first argues that the district court erred in assessing two points to his criminal history score based on a 1998 juvenile conviction for which he received a 90-day sentence but served only 31 days of confinement. See U.S. Sentencing Guidelines Manual § 4A1.2(d) (2001) (directing that three points be added if the juvenile was convicted as an adult and sentenced to imprisonment exceeding thirteen months, two points if the juvenile was sentenced to confinement of at least sixty days, and one point for all other recent juvenile convictions). Because Scarbrough withdrew his objection below, review is for plain error. United States v. Olano, 507 U.S. 725 (1993). To meet the plain error standard: (1) there must be an error; (2) the error must be plain; and (3) the error must affect substantial rights. Id. at

732-34.  If the three elements of the plain error standard are met, the court may exercise its discretion to notice error only if the error seriously affects "the fairness, integrity, or public reputation of judicial proceedings."  Id. at 736 (citation omitted).  Assuming without deciding there was error, Scarbrough's substantial rights were not affected as his criminal history category would remain the same without inclusion of the disputed point.

To the extent Scarbrough argues that counsel was ineffective for failing to object at sentencing on the above ground, claims of ineffective assistance of counsel are generally not cognizable on direct appeal.  See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).  Rather, to allow for adequate development of the record, a defendant must bring his claim in a motion under 28 U.S.C. § 2255 (2000).  See id.; United States v. Hoyle, 33 F.3d 415, 418 (4th Cir. 1994).  An exception exists when the record conclusively establishes ineffective assistance.  United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).  We find that ineffective assistance does not conclusively appear from the record.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none.[*]

---

[*]On August 17, 2005, a standard order was filed directing the parties to file supplemental briefing.  Instead of requesting briefing in light of United States v. Booker, 543 U.S. 220 (2005),

Accordingly, we affirm Scarbrough's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

the order erroneously requested briefing addressing the impact of this court's decision in United States v. Blick, 408 F.3d 162 (4th Cir. 2005). Both parties have responded, noting that there was no appellate waiver in Scarbrough's case, and therefore Blick is inapplicable. Although Scarbrough's counsel has not raised a claim under Booker, we have conducted an independent review under Anders and found no Sixth Amendment violation or plain error in the mandatory application of the guidelines under Booker.

- 4 -